IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CASTRO & CO., LLC** | ) | |
| **TEXAS CRYPTOMARKS, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| *v.* | ) | Case No. _____ |
| | ) | |
| **POLYMATH INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs CASTRO & CO., LLC and TEXAS CRYPTOMARKS, LLC (hereinafter "Castro & Co.," "TC" or collectively, "Plaintiffs") files this lawsuit against POLYMATH, INC. (hereinafter "Defendant Polymath" or "Defendant") and allege, by and through their attorney of record, as follows:

### JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims for relief stated in this Complaint occurred in this district and a substantial part of property that is the subject of the action is situated in this District.

### PARTIES

3. Plaintiff, Castro & Co., LLC, is a Wyoming limited liability company registered to conduct business in Texas with its principal place of business located in Dallas, Texas. Castro &

Co., LLC's office address in Dallas is 13155 Noel Rd., Ste. 900, Dallas, Texas 75240.

4.      Plaintiff, Texas Cryptomarks, LLC, is a Texas limited liability company with its principal place of business located in Dallas, Texas. Texas Cryptomarks, LLC's office address in Dallas is 13155 Noel Rd., Ste. 900, Dallas, Texas 75240.

5.      Defendant, Polymath, Inc., is a foreign business entity headquartered in Barbados. Polymath, Inc.'s principal place of business is 3rd Floor, The Goddard Building, Haggatt Hall, St. Michael Barbados, BB11509.

## FACTUAL ALLEGATIONS

6.      Plaintiff, Castro & Co. has a federal trademark registration, no. 87814575, for the mark SECURITIES TOKEN. Plaintiff, Texas Cryptomarks, LLC also has a federal trademark registration, no. 87756098, for the derivative mark POLYMATH SECURITIES TOKEN. Plaintiffs license cryptographic, blockchain, and digital asset related trademarks to companies operating businesses that utilize cryptographic technology, blockchain technology, or digital assets. One such client of Plaintiff is CryptoSecurities Exchange, LLC (hereinafter "CSX, LLC"), a Delaware LLC that operates a cryptographic and blockchain technology based website located online at www.cryptosecurities.exchange. This website is an online platform that permits digital currency exchange transaction services for transferable electronic cash equivalent units having a specified cash value for use in the payment for fiduciary services and insurance services.

7.      Plaintiffs' business relationship with CSX, LLC is based on the fact that CSX, LLC utilizes cryptographic technology to streamline and automate financial transactions. Cryptographic technology was originally made famous by Satoshi Nakamoto, as he is known, the founder of Bitcoin. Bitcoin was the world's first digital currency based on cryptographic technology commonly referred to as blockchain. Since the founding of Bitcoin, many other digital currencies

have emerged along with various cryptographic based blockchain technology variations.

8. As various companies have utilized the technological benefits offered by the blockchain and cryptographic technologies for various applications multiple terms have emerged to describe the "currencies." These terms include "coin" and "token." Plaintiffs, operating in the realm of digital currencies and utilizing cryptographic technology for the purpose of the exchange and transfer of security instruments has trademarked the terms SECURITIES TOKEN and POLYMATH SECURITIES TOKEN, for use for products and services currently being developed.

9. Defendant headquartered in Barbados utilizes Plaintiffs' trademarked terms in their entirety. While Defendant may be able to make an argument for common law trademark protection in Barbados Plaintiffs are the rightful owners of the federally registered trademarks in the United States.

10. Defendants have no U.S. based intellectual property rights or trademark in the name SECURITIES TOKEN, or POLYMATH SECURITIES TOKEN yet they employ such terms on their website that they are aggressively marketing in the United States. Defendants have no extensive "prior use" of the terms in connection with the bona fide offering of goods or services nor do Defendants use the terms for a non-commercial or fair use purpose. As a consequence, Defendants' unauthorized use of Plaintiffs' marks are damaging the rights of Plaintiffs in their marks, and is done deliberately in bad faith.

11. When a consumer looking for SECURITIES TOKEN, or POLYMATH SECURITIES TOKEN reaches Defendant's domain name by virtue of Defendant's reproducing Plaintiffs' marks in their entirety, the consumer is prevented from reaching Plaintiff or Plaintiffs' business partners who license Plaintiffs' trademarks and are likely to be confused. They are directed to website that is not operated by any Plaintiff or party related to a Plaintiff. Plaintiffs or

their business partners lose opportunities to interact with consumers and lose initial contact while Defendant increases internet traffic through the utilization of Plaintiffs' protected marks.

12. Moreover, by its unauthorized use of Plaintiffs' SECURITIES TOKEN and POLYMATH SECURITIES TOKEN marks to profit from them, Defendant has engaged in using a word, term, name, symbol, or device, or a combination thereof, which is likely to deceive as to the affiliation, connection, or association of Defendant with a Plaintiff or Plaintiffs' business partners or as to the commercial activities of same. In doing so, Defendant has damaged Plaintiffs.

## COUNT I
### Infringement of Federally Registered Trademark
**(Lanham Act § 32, 15 U.S.C. § 1114)**

13. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

14. To recover on a claim of trademark infringement, a plaintiff must show that the mark is legally protectable and must then establish infringement by showing a likelihood of confusion.[1] The Lanham Act provides a cause of action for infringement where one "uses (1) any reproduction, counterfeit, copy[,] or colorable imitation of a mark; (2) without the registrant's consent; (3) in commerce; (4) in connection with the sale, offering for sale, distribution [,] or advertising of any good; (5) where such use is likely to cause confusion, or to cause mistake or to deceive."[2]

15. By Defendant's actions described above, Defendant used in commerce, without Plaintiff's consent, reproductions, counterfeits, copies or colorable imitations of Plaintiffs' registered service marks "SECURITIES TOKEN" and "POLYMATH SECURITIES TOKEN" in connection with the sale, offer for sale, distribution, and/or advertising of goods, such use being

---

[1] *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Circ. 2008).
[2] *Id*. 15 U.S.C. §1114(1)(a).

likely to cause confusion, to cause mistake, or to deceive.

16. Upon information and belief, the foregoing conduct of Defendant has been willful.

17. The actions of Defendant described in this Count violate Plaintiffs' rights under the Lanham Act and have caused damage to Plaintiffs for which Plaintiffs should be compensated by Defendant. As a consequence of Defendant's infringement, Plaintiffs are entitled to relief as set forth below.

### COUNT II
### Federal Trademark and Unfair Competition Law
### (Lanham Act § 43, 15 U.S.C. § 1125(a))

18. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

19. The Lanham Act provides a cause of action for unfair competition when any person, in connection with any goods or services, or any container for goods or services, used in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact which –

   a. is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person;[3]

20. By Defendant's actions, Defendant has, without Plaintiffs' consent, used in commerce a word, term, name, symbol, device, or any combination thereof, including without limitation, Plaintiffs' marks SECURITIES TOKEN and POLYMATH SECURITIES TOKEN which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, and/or association of Defendant with Plaintiffs or Plaintiffs' business partners, and/or

---

[3] 15 U.S.C. §1125(a)(1)(A).

as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by Plaintiffs.

21. Upon information and belief, the foregoing conduct of Defendant has been willful.

22. The actions of Defendant described in this Count constitute unfair competition in violation of the Lanham Act. Defendant's acts have caused damage to Plaintiffs for which Plaintiffs should be compensated by Defendant. As a consequence of Defendant's violation, Plaintiffs are entitled to relief as set forth below.

### COUNT III.
### Injury to Business Reputation or Trade Name Under Texas Law
### (Texas Business & Commerce Code § 16.29)

23. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

24. Defendant, through the conduct described above, is likely to injure Plaintiffs' business reputation or dilute the distinctive quality of the SECURITIES TOKEN and POLYMATH SECURITIES TOKEN marks, in violation of Texas law.[4]

25. As a consequence of Defendant's violation, Plaintiffs are entitled to the relief set forth below.

### COUNT IV.
### Trademark Infringement and Unfair Competition Under Texas Common Law

26. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

27. Defendant has infringed upon the SECURITIES TOKEN and POLYMATH SECURITIES TOKEN marks and has engaged in unfair competition under Texas common law.

28. As a consequence of Defendant's violations, Plaintiffs are entitled to the relief set forth below.

---

[4] TEX. BUS. & COM. CODE §16.29.

## JURY DEMAND

29. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs CASTRO & CO., LLC and TEXAS CRYPTOMARKS, LLC respectfully pray for relief as follows:

(a) The Court enter judgment in favor of Plaintiffs CASTRO & CO., LLC and TEXAS CRYPTOMARKS, LLC and against Defendants on all causes of action;

(b) The Court enjoin Defendants from using the SECURITIES TOKEN and POLYMATH SECURITIES TOKEN marks in any manner likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff; in any manner likely to dilute the distinctive quality of the SECURITIES TOKEN and POLYMATH SECURITIES TOKEN marks; or in any manner likely to injure Plaintiffs' business reputation or likely to be unfairly competitive with Plaintiffs;

(c) The Court grant Plaintiffs $100,000 in statutory damages for trademark infringement, of each individual mark, if elected before final judgment, pursuant to 15 U.S.C. §1117(d);

(d) The Court grant an award of punitive damages for the willful and wanton nature of Defendant's unlawful acts;

(e) The Court award Plaintiffs costs of suit, including attorney's fees; and

(f) That the Court grant such additional relief as is just and equitable.

Respectfully submitted,

Dated: March 21, 2018

*Josh Milam*

JOSHUA S. MILAM
Texas Bar No. 24102203
**CASTRO & CO., LLC**
joshua.milam@castroandco.com
13155 Noel Road, Suite 900
Dallas, TX 75240
Tel. (214) 998-9607
Fax: (866) 700-7595

**ATTORNEY FOR PLAINTIFF**