**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF TEXAS  
DALLAS DIVISION**

| | |
|---|---|
| CASTRO & CO., LLC and <br> TEXAS CRYPTOMARKS, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> POLYMATH INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 3:18-cv-00678-L <br> ) <br> ) Hon. Sam A. Lindsay <br> ) <br> ) <br> ) |

**DEFENDANT POLYMATH INC.'S RULE 12(b)(6) MOTION TO DISMISS  
<u>AND BRIEF IN SUPPORT THEREOF</u>**

This litigation is a sham. Most egregiously, Plaintiffs Castro & Co., LLC and Texas Cryptomarks, LLC (collectively, "Plaintiffs") attempt to enforce pending federal trademark applications as if they were registrations. Plaintiffs further assert ownership rights in trademarks they have never used in good faith (if at all), but rather poached from Defendant Polymath Inc. ("Polymath"), which has worked hard to build valuable goodwill in these related marks through bona fide use in commerce since at least as early as September 2017. This Complaint appears to be part of Plaintiffs' scheme to squat on Polymath's rights by filing fraudulent trademark applications and a frivolous lawsuit, likely aimed at extracting payment from Polymath. The Court should put an end to this misconduct at the outset by dismissing Plaintiffs' Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

**I.  FACTUAL BACKGROUND**

    **A.  Polymath began using the POLYMATH marks and the slogan "THE SECURITIES TOKEN PLATFORM" in September 2017.**

Polymath is a financial-services company specializing in cryptocurrency and cryptosecurities. Polymath is the sole owner of a portfolio of common-law trademarks directed to the mark POLYMATH in the field of digital currencies. Polymath has exclusively and continuously used the POLYMATH mark in connection with its financial services since at least as early as September 2017, including on its website at https://www.polymath.network. Along with the POLYMATH mark, Polymath has also adopted and consistently used the slogan "THE SECURITIES TOKEN PLATFORM" since at least September 2017. *See id.* Beginning in December 2017, numerous blockchain-interested websites published ads for Polymath that featured both the POLYMATH mark and slogan. Polymath has expended significant resources in promoting its services offered under the POLYMATH mark and slogan. As a result, Polymath has built and owns valuable goodwill in its brand, marks, and slogan.

### B. Plaintiffs are unlawfully attempting to poach Polymath's marks.

On January 16, 2018, Plaintiff Castro & Co., LLC ("Castro") filed an application at the U.S. Patent and Trademark Office ("USPTO") to register the mark POLYMATH SECURITIES TOKEN, which wholly contains Polymath's trademark and trade name, for use in connection with various financial services. *See* U.S. Trademark Application Serial No. 87/756,098 (filed Jan. 16, 2018) (a true and correct copy of which is attached hereto as Exhibit A at APP 0001-0002). Castro filed its application on a Section 1(b) intent-to-use basis, meaning that, at the time Castro filed, it was not actually using the mark in commerce. *See id.*; *see also* 15 U.S.C. § 1051(b).

On February 28, 2018, third-party CryptoSecurities Exchange, LLC ("CSX") filed an application at the USPTO to register the mark SECURITIES TOKEN, which comprises part of Polymath's slogan, for use in connection with various financial services. *See* U.S. Trademark

---

Application Serial No. 87/814,575 (filed Feb. 28, 2018) (a true and correct copy of which is attached hereto as Exhibit B at APP 0003-0004).  As explained further below, Plaintiffs purport to own this application, but have failed to allege how that is possible, given that CSX, the named applicant, is identified in the Complaint as a "client" of Plaintiffs.  (ECF No. 1 at ¶ 6.)  CSX filed this application on a Section 1(a) actual-use basis, claiming that it first used the mark in commerce as of the filing date.  *See* Ex. B at APP 0003; *see also* 15 U.S.C. § 1051(a).  Neither of these applications has been registered or even published for opposition at this stage.  *See* https://www.uspto.gov/trademark/trademark-timelines/section-1a-timeline-application-based-use-commerce and https://www.uspto.gov/trademark/trademark-timelines/section-1b-timeline-application-based-intent-use (providing flowcharts for examination of Section 1(a) and Section 1(b) trademark applications, respectively).

On information and belief, Plaintiffs filed their trademark applications in bad faith.  In particular, Plaintiffs sought to take advantage of the fact that Polymath had not yet filed applications to register its common-law marks and believed they could poach these marks by beating Polymath to the USPTO.  To date, Polymath has found no evidence that Plaintiffs are using these marks in commerce.  And indeed, Plaintiffs cite to no such evidence in their Complaint.  The extreme similarity of Plaintiffs' applications to Polymath's marks and services, and the fact that Plaintiffs' applications were filed at a time of growing publicity for Polymath, demonstrates Plaintiffs' bad faith.  On information and belief, Plaintiffs subsequently filed this frivolous lawsuit as a further step in their plain to extort Polymath by holding its rightful marks hostage, both in the USPTO and in the courts.

On March 5, 2018, Polymath filed its own Section 1(a) use-based application to register the mark POLYMATH at the USPTO, claiming an actual first-use date of September 8, 2017,

which predates the application filing date of the POLYMATH SECURITIES TOKEN mark being asserted by Plaintiffs.  *See* U.S. Trademark Application Serial No. 87/821,217 (filed Mar. 5, 2018) (a true and correct copy of which is attached hereto as Exhibit C at APP 0005-0006).  And again, Plaintiffs have claimed no prior use of this mark.

## II.     LEGAL STANDARDS

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  While the court must take all well-pleaded facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff, *see Bell*, 550 U.S. at 555, it need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678.

In deciding a Rule 12(b)(6) motion, "a district court must limit itself to the content of the pleadings, including attachments thereto," but the court may consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim."  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal citations and quotation marks omitted) ("In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated.").  Finally, "it is well-established and clearly

proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record." *Moser v. Omnitrition Int'l Inc.*, No. 3:16-CV-2558-L, 2018 WL 1368789, at *2 (N.D. Tex. Mar. 16, 2018) (internal citations and quotation marks omitted).

## III.    ARGUMENT

### A. Plaintiffs' claim for federal trademark infringement (Count I) must be dismissed because, contrary to Plaintiffs' false representation, the asserted marks are not federally registered.

It is axiomatic that, to allege a claim for infringement of a federally registered trademark, a party must own a federal registration. *See* 15 U.S.C. § 1114(1)(a) ("Any person who shall, without the consent of the *registrant*, use in commerce any reproduction, counterfeit, copy, or colorable imitation of *a registered mark* . . . shall be liable in a civil action *by the registrant* . . . .") (emphasis added). Absent a federal registration, there can be no claim for infringement under 15 U.S.C. § 1114(1). *See Grgurev v. Licul*, 229 F. Supp. 3d 267, 285 (S.D.N.Y. 2017) ("[B]ecause Plaintiffs allege that [they have] filed an application for the Marks, but that they have not yet been registered, their § 1114(1) claim must be dismissed . . . .").

Here, Plaintiffs purport to own two "federal trademark registrations" on the marks POLYMATH SECURITIES TOKEN and SECURITIES TOKEN. (ECF No. 1 at ¶¶ 6, 8, 9, 10.) But, in fact, the so-called "registrations" are nothing more than ***pending applications***. *See* Ex. A at APP 0001-0002; Ex. B at 0003-0004.[1]  These applications have not yet been examined by the

---

[1] Although the documents in Exhibits A and B (at APP 0001-0004) were not attached to the Complaint, the Court should nevertheless consider them in ruling on Polymath's Rule 12(b)(6) motion because the information therein is central to Plaintiffs' claims as it relates to the existence (or lack thereof) of Plaintiffs' asserted trademark "registrations." *See Collins*, 224 F.3d at 498. Alternatively, the Court should take judicial notice of the information contained in Exhibits A and B, which is a matter of public record, as the documents were pulled from the USPTO's public website. *See Moser*, 2018 WL 1368789, at *2.

USPTO, and their registration is far from certain at this early stage.[2] Plaintiffs' attempt to assert pending applications as if they were fully fledged registrations reveals, at best, a gross misunderstanding of trademark law.

Because "a pending trademark application is not a registered mark," *Implant Innovations, Inc. v. Debbie, LLC*, No. 06-80913, 2007 WL 9701903, at *2 (S.D. Fla. July 9, 2007), Plaintiffs have failed to allege a cause of action under 15 U.S.C. § 1114(1), and Count I of their Complaint must be dismissed. *See Grgurev*, 229 F. Supp. 3d at 285; *see also Implant Innovations, Inc. v. Debbie LLC*, No. 06-80913, 2007 WL 9701902, at *2 (S.D. Fla. May 2, 2007) (holding that existence of pending trademark application was insufficient to confer jurisdiction under 15 U.S.C. § 1119, which, like § 1114(1), requires a "registered" mark).

As if parading a pending application as a registration was not bad enough, Plaintiffs also fail to allege that they even *filed* the asserted application for the SECURITIES TOKEN mark. Indeed, that application lists CSX as the applicant of record. *See* Ex. B at APP 0004. The Complaint identifies CSX as one of Plaintiffs' clients with whom Plaintiffs have a "business relationship," but fails to describe any legal relationship between Plaintiffs and CSX that would confer ownership of this mark on Plaintiffs.[3] (ECF No. 1 at ¶¶ 6, 7.) Accordingly, Plaintiffs' Complaint belies that Plaintiffs even control or own this application, which further underscores the frivolity of their claims.

---

[2] Registration is quite *unlikely* with respect to the mark SECURITIES TOKEN, as this term is at least merely descriptive, if not generic, when used in connection with Plaintiffs' claimed services and thus not protectable as a trademark. *See Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1183 (5th Cir. 1980) (explaining that "[a] generic term can never become a trademark" and "descriptive marks . . . may be registered [only] if they have acquired secondary meaning for the consuming public"); Ex. B at 0003-0004.

[3] Plaintiffs further fail to plead any facts supporting that Plaintiff Texas Cryptomarks, LLC is the owner of either asserted mark in this action. As such, Texas Cryptomarks, LLC lacks standing to sue, and its claims should be dismissed on this basis, as well.

**B.     Plaintiffs' remaining claims must be dismissed because Plaintiffs have failed to allege prior use of the mark to confer superior trademark rights.**

Plaintiffs' remaining claims (Counts II-IV) all fail for the same reason: Plaintiffs have not—and indeed, cannot—allege that they used the asserted marks in commerce prior to any such use by Polymath.  Polymath is the senior user of the marks at issue, and Plaintiffs have not alleged otherwise.  Thus, Plaintiffs have no protectable rights in the marks, nor do they have any legitimate interest in the marks apart from their desire to squat on Polymath's rights.

"To prevail on a trademark infringement claim, a party must [first] prove it is the senior user of a protectable mark." *Premiere Hot Tubs, Inc. v. A-Tex Family Fun Ctr., Inc.*, No. A-12-CA-824-SS, 2013 WL 12078249, at *3 (W.D. Tex. Mar. 28, 2013) (citing *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 844 (5th Cir. 1990)). "It is well-established that [o]wnership of trademarks is established by use, not by registration. Ownership requires a combination of both appropriation and use in trade. Accordingly, [t]he first one to use a mark is generally held to be the 'senior' user and is entitled to enjoin other 'junior' users from using the mark . . . ." *Alamo Area Mut. Hous. Ass'n, Inc. v. Lazenby*, No. 5:17-CV-634-DAE, 2017 WL 7052253, at *6 (W.D. Tex. July 28, 2017) (internal citations and quotation marks omitted).  "[N]either conception of the mark . . . , nor advertising alone establishes trademark rights . . . ." *Id.* at *7 (quoting *Blue Bell, Inc. v. Farah Mfg. Co., Inc.*, 508 F.2d 1260, 1264-65 (5th Cir. 1975)).  "Instead, ownership accrues when goods bearing the mark are placed on the market." *Id.* (citations and quotation marks omitted).  These standards apply to Lanham Act claims under 15 U.S.C. § 1125(a), as well as claims for trademark infringement and unfair competition under Texas state law.  *See Premiere Hot Tubs*, 2013 WL 12078249, at *3 (noting same standards); *see also* Tex. Bus. & Com. Code § 16.29 (applies to "a mark or trade name valid at common law").

Here, Plaintiffs allege no facts to support that they are the senior users of the marks, let alone that they have used the asserted marks in commerce at all.  The Complaint is virtually silent as to use, apart from a single allegation, stating: "Plaintiffs . . . has [*sic*] trademarked the terms SECURITIES TOKEN and POLYMATH SECURITIES TOKEN, for use for products and services ***currently being developed***."  (ECF No. 1 at ¶ 8 (emphasis added).)  Thus, Plaintiffs all but admit that the marks are not yet being used on products and services presently available in commerce.  In stark contrast, Plaintiffs concede that Polymath actually has used and is using the marks in commerce in connection with its provision of financial services, including by "aggressively marketing" the term POLYMATH SECURITIES TOKEN on its website (ECF No. 1 at ¶ 10)—allegations that the Court must accept as true in ruling on Polymath's motion.  *See Bell*, 550 U.S. at 555; *see also* 15 U.S.C. § 1127 ("[A] mark shall be deemed to be in use in commerce . . . on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce.").

The applications cited by Plaintiffs confirm that Plaintiffs have not actually used the disputed marks in commerce and thus have acquired no rights to them.  In particular, Plaintiff Castro filed its application for the mark POLYMATH SECURITIES TOKEN on a Section 1(b) *intent-to-use* basis, not an actual-use basis, thus admitting it has not yet used that mark in commerce.  *See* Ex. A at APP 0001; 15 U.S.C. § 1051(b)(1) ("A person who has a bona fide intention, under circumstances showing the good faith of such person, to use a trademark in commerce may request registration of its trademark on the principal register . . . .").  An intent-to-use application confers absolutely "no rights" on the applicant.  *Monster Daddy, LLC v. Monster Cable Prods., Inc.*, No. 6:10-1170-MGL, 2013 WL 5467854, at *12-13 (D.S.C. Sept. 30, 2013) ("The rights of an intent-to-use applicant are conditioned on registration.  Although the

owner of a mark may apply for registration based on his intent to use the mark in the future, the mark is not registrable until it has actually been used in commerce and the applicant has filed a statement verifying such use.") (citation omitted); *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 504 (7th Cir. 1992) ("Intent to use a mark, like a naked registration, establishes no rights at all."); *see also Implant Innovations*, 2007 WL 9701902, at *5 (collecting cases where courts have held that "pending Intent To Use applications do not provide a right of priority in the applicant").

Moreover, although the application for the mark SECURITIES TOKEN was filed on a Section 1(a) actual-use basis, it lists *CSX*, not Plaintiffs, as the applicant of record, thus belying Plaintiffs' claim that they (as opposed to CSX) are the senior users of the mark. *See* Ex. B at APP 0004.

In light of the above, Plaintiffs have failed to plausibly allege the threshold element of their remaining claims (Counts II-IV), namely, that they are the senior users of the marks at issue. Thus, those claims must be dismissed. *See Iqbal*, 556 U.S. at 678.

**CONCLUSION**

For all the foregoing reasons, this Court should dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]

---

[4] Polymath intends to separately move for sanctions under Rule 11(c) of the Federal Rules of Civil Procedure in light of the frivolous nature of Plaintiff's claims.

Dated: April 11, 2018

Respectfully submitted,

/s/ *Hayden Schottlaender*
Hayden Schottlaender
PERKINS COIE LLP
500 North Akard Street, Suite 3300
Dallas, Texas 75201-3347
T: (214) 965-7700
F: (214) 965-7799
HSchottlaender@perkinscoie.com

Thomas L. Holt (*PHV forthcoming*)
Caroline A. Teichner (*PHV forthcoming*)
PERKINS COIE LLP
131 South Dearborn Street, Suite 1700
Chicago, Illinois 60603-5559
T: (312) 324-8400
F: (312) 324-9400
THolt@perkinscoie.com
CTeichner@perkinscoie.com

***Attorneys for Defendant, Polymath Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ *Hayden Schottlaender*
Hayden Schottlaender